**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**
**HARRISBURG DIVISION**

| | |
|---|---|
| APRIL KYER, Individually and for Others Similarly Situated, | Case No.: |
| Plaintiffs, | |
| v. | Jury Trial Demanded |
| PRIMECARE MEDICAL, INC. | |
| Defendant. | FLSA Collective Action |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1.      Primecare Medical, Inc. ("Primecare" or "Defendant") has failed to pay April Kyer ("Kyer"), and other workers like her, overtime as required by the Fair Labor Standards Act (FLSA).

2.      Primecare automatically deducted 30 minutes from Kyer and the Putative Class Members' (defined below) shifts despite these workers remaining on duty and working through their scheduled breaks.   during that time. Under Primecare's meal break policy, non-exempt hourly employees were not completely relieved of duties during meal periods were denied pay for those on-duty meal periods. Primecare continues to require hourly employees to remain on duty and subject to interruptions during meal breaks. Primecare does not pay its hourly employees for this time worked off the clock.

3.      Kyer brings this collective action to recover unpaid overtime and other damages on behalf of herself and the Putative Class Members.

### JURISDICTION AND VENUE

4.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

5.       Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because Primecare operates in this District and is headquartered in this District, in Dauphin County.

## THE PARTIES

6.       Kyer was an hourly licensed nurse practitioner for Primecare.

7.       Kyer worked for Primecare from approximately July 2019 to August 2022 in West Virginia.

8.       Kyer's consent to be a party plaintiff is attached as Exhibit A.

9.       Kyer brings this action on behalf of herself and all other similarly situated Putative Class Members under the collective action provisions of the FLSA. *See* 29 U.S.C. §216(b).

10.      The Putative Class Members is defined as:

**All current and former employees of Primecare Medical, Inc. who were subjected to an automatic meal break deduction practice at any time during the past three years.**

11.      The identities of the Putative Class Members can be readily ascertained from Primecare's records.

12.      Primecare is a healthcare services company headquartered in Harrisburg, Pennsylvania and may be served by serving its registered agent/officer: Brent Bavineton and/or Theresa Hoffma, 3940 Locust Lane, Harrisburg, PA 17109.

## COVERAGE UNDER THE FLSA

13.      At all relevant times, Primecare was an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

14.      At all relevant times, Primecare was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

15.      At all relevant times, Primecare was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. §

203(s)(1), because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as medical supplies, cell phones, and personal protective equipment - that have been moved in or produced for commerce.

16.     At all relevant times, Primecare had an annual gross volume of sales made in excess of $1,000,000.

17.     At all relevant times, Kyer and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

**FACTS**

18.     Primecare is a healthcare services company that contracts with governmental entities to provide healthcare services.

19.     Kyer worked for Primecare from approximately July 2019 to August 2022.

20.     Kyer performed work for Primecare throughout West Virginia, primarily at North Central Regional Jail in Greenwood, West Virginia.

21.     Kyer was an hourly nurse practioner for Primecare.

22.     Kyer reported the hours she worked to Primecare on a regular basis.

23.     Primecare typically scheduled Kyer and the Putative Class Members to work 12 hour shifts, four days per week.

24.     As a result, Kyer worked anywhere 48 to 50 hours in a typical workweek (significantly in excess of the overtime threshold of 40 hours).

25.     Primecare had and has a policy of automatically deducting 30 minutes of time from employees' daily hours for meal periods. These 30 minutes are unpaid. Primecare applies this policy without regard for the frequent occasions when its employees would actually work through lunch.

26.     Kyer and the Putative Class Members were required to remain available and were subject to interruption at all times, including during their purported meal breaks. Likewise, Kyer and the Putative Class Members frequently worked through their meal periods.

27.     On the frequent occasions when Kyer and the Putative Class Members worked through their meal periods, Primecare still subjected them to an automatic unilateral deduction of 30 minutes per day for meal periods. As a result of this policy, when Kyer and the Putative Class Members worked through their meal periods as Primecare expected, they did so off the clock. Primecare did not pay them for this time worked off the clock.

28.     To perform their jobs, Kyer and the Putative Class Members reported to the correctional patient care facility operated and managed by Primecare.

29.     Kyer and the Putative Class Members performed their jobs under Primecare's supervision, and using materials and technology approved and supplied by Primecare.

30.     Kyer and the Putative Class Members were required to follow and abide by common work, time, pay, and overtime policies and procedures in the performance of their jobs.

31.     At the end of each pay period, Kyer and the Putative Class Members received wages from Primecare that were determined by common systems and methods that Primecare selected and controlled.

32.     Primecare paid Kyer and the Putative Class Members an hourly rate.

33.     Kyer worked more than forty hours during numerous workweeks during the three years before this Complaint was filed.

34.     Each Putative Class Member worked more than forty hours in at least one workweek during the three years before this Complaint was filed.

35.     Primecare did not pay Kyer and the Putative Class Members one and one-half times their regular hourly rate for all hours worked in excess of forty in a week. Because of Primecare's

4

automatic meal break deduction policy, Kyer and the Putative Class Members regularly performed work off the clock for Primecare, and so were not paid for all time worked.

36.     This unpaid time is compensable under the FLSA because (1) Kyer and the Putative Class Members were not completely relieved of their duties, (2) they were interrupted or subject to interruptions with work duties during any attempted meal period, or (3) they entirely skipped the meal period due to work demands.

37.     Primecare's failure to pay overtime to these workers, and to pay overtime at the appropriate and legal rate, was and is a willful violation of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

38.     Kyer realleges and incorporates by reference all allegations in preceding paragraphs.

39.     Primecare employed Kyer and the Putative Class Members.

40.     The illegal pay practices Primecare imposed on Kyer were likewise imposed on the Putative Class Members.

41.     Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

42.     Kyer and the Putative Class Members have reported that Primecare did not include the time spent working during meal periods as hours worked in a given workweek for pay purposes.

43.     Rather, Primecare automatically deducted time for Kyer and the Putative Class Members taking meal periods, whether or not those meal periods were actually taken. This automatic deduction policy caused Kyer and the Putative Class Members to work off the clock when they worked through meal periods.

44.     Primecare has employed a substantial number of employees similarly situated to Plaintiff within the three-year period preceding the filing of the instant lawsuit.

45.     Even if their precise job titles may differ, the Putative Class Members are all victims of Primecare's unlawful compensation practices and are similarly situated to Kyer in terms of pay provisions, and employment practices.

46.     The Putative Class Members regularly work or have worked in excess of 40 hours during a workweek.

47.     Primecare's decision to automatically deduct time for meal periods, regardless of whether a meal period was actually taken, results from generally applicable policies or practices and does not depend on personal circumstances of the Putative Class Members.

48.     Primecare's failure to pay wages and overtime compensation for all time worked and at the rates required by the FLSA results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

49.     The specific job titles or precise job locations of the various Putative Class Members does not prevent collective treatment.

50.     A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

51.     Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

52.     Accordingly, the FLSA collective of similarly situated plaintiffs should be certified and notice promptly sent.

### CAUSE OF ACTION: FLSA VIOLATIONS

53.     Kyer realleges and incorporates by reference all allegations in preceding paragraphs.

6

54.     The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one and one-half times their regular hourly rate for all hours worked in excess of forty hours per week.

55.     Throughout the relevant period, Primecare expected and required Kyer and Putative Class Members to work during their meal breaks.

56.     Primecare ahad a policy of automatically deducting 30 minutes of time, attributed to meal periods, from Kyer and the Putative Class Members. As a result of this policy, when Kyer and the Putative Class Members worked through meal periods as Primecare expected, they did so unpaid and off the clock.

57.     Kyer and Putative Class Members have been harmed as a direct and proximate result of Primecare's unlawful conduct because they have been deprived of wages owed for work they performed and from which Primecare derived a direct and substantial benefit.

58.     Primecare cannot satisfy its burden of proof to demonstrate Plaintiff and Kyer and Putative Class Members received a bona fide meal period for every 30 minutes deducted from their wages automatically.

59.     Primecare violated and continues to violate the FLSA when it fails to pay Kyer and Putative Class Members under 29 U.S.C. § 207 as non-exempt employees. Because of these violations, Kyer and Putative Class Members have suffered a loss of wages.

60.     Primecare's failure to pay overtime to Kyer and Putative Class Members, in violation of the FLSA, was willful and not based on a good faith belief that its conduct did not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

61.     Kyer and the Putative Class Members are entitled to recover their unpaid overtime compensation, an equal amount in liquidated damages, reasonable attorneys' fees, costs, and expenses of this action from Primecare.

## JURY DEMAND

62.     Kyer demands a trial by jury

## PRAYER

63.     Kyer prays for relief as follows:

a.      An Order designating the Putative Class as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all Putative Class Members with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b.      For an Order pursuant to Section 16(b) of the FLSA finding Primecare liable for unpaid back wages due to Kyer and the Putative Class Members for liquidated damages equal in amount to their unpaid compensation;

c.      For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

d.      For an Order granting such other and further relief as may be necessary and appropriate.

8

Respectfully submitted,

By: /s/ Scott B. Cooper

**Scott B. Cooper**
PA Bar No. 70242
**Schmidt Kramer PC**
209 State Street
Harrisburg, PA 17101
717-888-8888 – Telephone
717-232-6467 – Facsimile
scooper@schmidtkramer.com

**Michael A. Josephson**
PA. ID 308410
**Andrew W. Dunlap**
Texas Bar No. 24078444
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com

**AND**

**Richard J. (Rex) Burch**
Texas Bar No. 24001807
**BRUCKNER BURCH, PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**

9